# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BILLY D. OLIVER,** ) | |
|  ) | |
| **Plaintiff,** ) | |
|  ) | |
| v. ) | Case No. CIV-22-337-RAW-GLJ |
|  ) | |
| **CITY OF SALLISAW, OKLAHOMA;** ) | |
| **CITY MANAGER KEITH SKELTON,** ) | |
| **Individually; CHIEF OF POLICE** ) | |
| **TERRY FRANKLIN, Individually,** ) | |
| **SEQUOYAH COUNTY; SHERIFF** ) | |
| **LARRY LANE, Individually;** ) | |
| **UNDER SHERIFF CHARLES HOUSE,** ) | |
| **Individually; DEPUTY AMY** ) | |
| **EDWARDS, Individually; SEQUOYAH** ) | |
| **COUNTY INVESTIGATOR CINDY** ) | |
| **SMITH, Individually; SEQUOYAH** ) | |
| **COUNTY VICTIM ADVOCATE** ) | |
| **SARAH RIDINGER, Individually;** ) | |
| **NOVA HARP, an individual; and** ) | |
| **COUNCIL FOR LAW ENFORCEMENT** ) | |
| **TRAINING, a.k.a. CLEET,** ) | |
|  ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on motions by all represented parties to dismiss Plaintiff's claims. Plaintiff Billy D. Oliver filed this lawsuit against the City of Sallisaw, Oklahoma, City Manager Keith Skelton, and Chief of Police Terry Franklin ("the City Defendants"); Sequoyah County, Sheriff Larry Lane, Under Sheriff Charles House, Deputy Amy Edwards, Sequoyah County Investigator Cindy Smith, and Sequoyah County Victim Advocate Sarah Ridinger ("the County Defendants"); the Council for Law Enforcement

Training ("CLEET"); and individual Nova Harp, proceeding pro se. The case has been referred to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with jurisdiction pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 [Docket No. 52]. For the reasons set forth below, the undersigned Magistrate Judge finds that Defendants Sequoyah County, Lane, House, Edwards, Smith, and Ridinger's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Docket No. 44], the Motion of Defendants City of Sallisaw, Oklahoma, City Manager Keith Skelton, and Chief of Police Terry Franklin to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Docket No. 48], and Defendant State of Oklahoma ex rel. Council on Law Enforcement Education and Training's Motion to Dismiss and Brief in Support [Docket No. 49] should all be GRANTED.

**Background and Procedural History**

Plaintiff filed this case on November 28, 2022 [Docket Nos. 1-2]. Plaintiff's First Amended Complaint states the action is "for Violations of Plaintiff's Civil Rights, by Retaliation, in a Hostile Work Environment, Wrongful Discharge, Violation under the [Fraternal Order of Police ("FOP")] Arbitration Provisions, Civil Conspiracy, Malicious Prosecution, Denial of Procedural Due Process, Denial of Substantive Due Process, Defamation of Character, emotional distress and for all common law and Oklahoma State law claims." *See* Docket No. 18, p. 2, ¶ 1. Plaintiff alleges in his First Amended Complaint that he worked for the City of Sallisaw Police Department ("SPD") with an officer who ran against current Chief of Police Terry Franklin, which caused Franklin to harass Plaintiff and other SPD officers, including by promising to "get rid of" Plaintiff if he won. Franklin

was reelected and began targeting Plaintiff with criminal and administrative investigations. *Id.*, p. 4, ¶¶ 16-18. Plaintiff filed a complaint with City Manager Keith Skelton, who did not believe him and placed him on administrative leave. *Id.*, p. 5, ¶ 19. Plaintiff alleges that, despite being cleared in investigations, Franklin "induced" the Sequoyah County Sheriff's office to investigate him, he was terminated, and Franklin continued to leak false information about him. *Id.*, ¶¶ 20-21. Based on these actions, Plaintiff filed a grievance with the FOP. While he was eventually reinstated, he was immediately placed back on administrative leave because of a lack of CLEET certification. Plaintiff alleges Franklin and others conspired with CLEET to revoke his credentials so that Franklin could terminate his employment again. *Id.*, p. 6, ¶¶ 22-23. Plaintiff alleges CLEET knew the City of Sallisaw intended to fire him if his firearm credentials were revoked and conducted no formal investigation, and that he was terminated after CLEET failed to "allow for due process in the Appellate Court." *Id.*, pp. 9-11, ¶¶ 35-41.

As to Sequoyah County, Plaintiff alleges that Investigator Cindy Smith prepared a false police report and arrest warrant against him, and that her daughter, Victim Advocate Ridinger, filled out and obtained a temporary protective order, affecting his firearms credentials, against him on behalf of Defendant Harp. *Id.*, p. 6, ¶ 24. Plaintiff alleges that even though he told Sheriff Lane the allegations against him were false and requested a polygraph examination from Smith, he was still charged with the rape of Harp, resulting in damaging media coverage. *Id.*, pp. 6-7, ¶¶25-26. Plaintiff alleges Harp was both a "pawn" and a "co-conspirator" as to his felony rape case, and notes the rape felony charges were eventually dismissed due to *McGirt v. Oklahoma*, _ U.S. _, 140 S. Ct. 2452 (2020). The

temporary protective order eventually became a final order of protection affecting his firearm certification, at which time Franklin and Skelton went to CLEET to have his firearms credentials revoked and to have him terminated. *Id.*, pp. 8-9, ¶¶ 31-34. Other than reciting the names of Defendants House and Edwards, *see id.*, p. 3, ¶¶ 10-11, Plaintiff's First Amended Complaint contains no allegations against them.

Plaintiff alleges that he filed Notices of Oklahoma Governmental Tort Claims against the City of Sallisaw, Sequoyah County, and CLEET, *Id.*, p. 11, ¶ 42, but does not explain the nature of the claims, or provide the Notices as exhibits to the First Amended Complaint.[1] He states his First Cause of Action (Count I) is for "Civil Conspiracy and the Denial of Due Process," as to all Defendants, asserting they all conspired together to deprive him of his employment, and that the "conspiracy encompasses the factual allegations of a hostile work environment, malicious prosecution, intentional defamation of character, and the denials of substantive and procedural due process through the manipulation of the Sequoyah District Court through the filing and dismissal of a felony charge of rape and for the final protective order[.]" *Id.*, p. 13, ¶ 52. Plaintiff does not cite a law under which this Cause of Action is brought, although he later asserts in his responses that this is a claim brought under the OGTCA. Plaintiff's Second Cause of Action (Count

---

[1] Various parties included *other* exhibits supportive of their arguments, and discuss whether their inclusion results in converting the motions to dismiss to motions for summary judgment. The undersigned Magistrate Judge has not considered these extraneous exhibits and therefore has no need to consider whether they were referred to in the First Amended Complaint or to convert the motions to motions for summary judgment. *See Geer v. Cox,* 242 F.Supp.2d 1009, 1015-1016 (D. Kan. 2003) ("Courts have broad discretion in determining whether or not to accept materials beyond the pleadings. . . . None of the parties contend that the Court should convert the motion into one for summary judgment, and the Court therefore refuses to consider matters outside of the pleadings submitted by plaintiff at this time.").

II) alleges a deprivation of civil rights pursuant to the Civil Rights Act of 1964 and 42 U.S.C. § 2000 et seq. ("Title VII") and the Fourteenth Amendment. *Id.*, p. 13. He alleges a denial of civil rights and violation of Equal Protection by the City of Sallisaw, Sequoyah County, and CLEET based on his employment termination. *Id.*, ¶¶ 53-54. Plaintiff alleges a Third Cause of Action, but it is a request for punitive damages under Count I. The represented parties have all moved to dismiss Plaintiff's claims, and the motions are now ripe.

## Legal Standards

"At minimum, [R]ule 8(a) requires a comprehensible, short and plain statement of the claim(s) sufficient to give the opposing party reasonable and fair notice of the basis of the complaint." *Abdelsamed v. Colorado*, 6 Fed. Appx. 771, 772 (10th Cir. 2001). Although Plaintiff's First Amended Complaint specifically delineates only two counts, it was unclear both to the Defendants and the undersigned Magistrate Judge as to whether he was alleging additional claims, and as a result, the Defendants responded to eight potential arguments, rather than two, out of an abundance of caution.[2] *See* Docket No. 18, p. 2, ¶ 1 & pp. 13-14, ¶¶ 52-55; *see also* Docket Nos. 44, 48, & 49. In his Response Briefs,[3] Plaintiff

---

[2] The undersigned Magistrate Judge thus disagrees with Plaintiff's assertion that "Plaintiff's allegations in the First Amended Complaint are well articulated." Docket Nos. 54, p. 2, ¶ 5; 57, p. 2, ¶ 5; 58, p. 2, ¶ 5.

[3] All of Plaintiff's Response Briefs were filed out of time without leave of the Court. *See* Docket Nos. 54 (filed three days late), 57 (filed one day late), & 58 (filed three days late). Plaintiff sought and was granted an extension of time to respond to the County Defendants' Motion to Dismiss, but the Response was nevertheless filed three days later than the extended deadline. *See* Docket Nos. 44 (response originally due May 2, 2023), 46-47 (extension granted to May 12, 2023), 54 (response filed May 15, 2023). The undersigned Magistrate Judge proceeds by considering Plaintiff's Responses, *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (noting "the judicial system's strong predisposition to resolve cases on their merits"), but counsel is put on

clarifies his two claims: wrongful discharge pursuant to Title VII as to all Defendants and a conspiracy related to wrongful discharge pursuant to the Oklahoma Governmental Tort Claims Act ("OGTCA") as to the City of Sallisaw, Sequoyah County, and CLEET. *See* Docket No. 54, 57, & 58. Although the Court proceeds on the substance of these two claims, counsel is cautioned that, "as a structural matter, the Title VII Complaint is deficient because it purports to assert multiple claims for relief within each 'Claim for Relief.' . . . This format . . . is improper under Rule 8 of the Federal Rules of Civil Procedure." *Park v. TD Ameritrade Tr. Co.*, 2010 WL 4608225, at *2 (D. Colo. Nov. 5, 2010).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

---

notice that further failure to follow the Court's deadlines could result in penalties including future late filings being stricken.

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (*quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]" *Iqbal*, 556 U.S. at 678.

## Analysis

As noted above, Plaintiff's state law claim under the OGTCA (Count I) is raised as to all Defendants, and Plaintiff's federal Title VII claim (Count II) is raised only as to CLEET, Sequoyah County, and the City of Sallisaw. CLEET moves to dismiss based on Eleventh Amendment sovereign immunity and, alternatively, failure to state a claim for relief [Docket No. 49]. The City Defendants contend Plaintiff fails to state a claim for relief, the individual City Defendants are entitled to qualified immunity, and Plaintiff cannot recover for punitive damages [Docket No. 48]. The County Defendants move to dismiss the First Amended Complaint for lack of personal jurisdiction and insufficient service of process, as well as failure to state a claim for relief and because the individual defendants are entitled to qualified immunity [Docket No. 44]. The undersigned Magistrate Judge first addresses both of Plaintiff's claims as to CLEET. Next, the

undersigned Magistrate Judge turns to Plaintiff's Title VII claim (Count II) as to the City of Sallisaw and Sequoyah County. Finally, the undersigned Magistrate Judge will address Plaintiff's OGTCA claim (Count I) as to the remaining parties.

I. **CLEET – Counts I and II**

CLEET is named in Counts I and II of the First Amended Complaint, meaning Plaintiff has raised both federal and state law claims as to CLEET. CLEET contends, *inter alia*, that CLEET is entitled to Eleventh Amendment *sovereign* immunity. Plaintiff asserts in his response that he sufficiently alleges a plausible claim against CLEET and, without reference to any case law, that CLEET does not have *qualified* immunity because he complied with the notice requirements of the OGTCA.

Plaintiff is only seeking money damages in this case, *see* Docket No. 18, pp. 14-15, ¶¶ 56-61 & Request for Relief I-V, and "Eleventh Amendment sovereign immunity bars suits for money damages against states, state agencies, and state officers in their official capacities." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1213 (10th Cir. 2022); *see also Couser v. Gay*, 959 F.3d 1018, 1022 (10th Cir. 2020) ("Eleventh Amendment immunity applies not only to a state but also to an entity that is an arm of the state.") (citation omitted). The Tenth Circuit stated in 1988 that CLEET is an arm of the State of Oklahoma. *Meade v. Grubbs*, 841 F.2d 1512, 1525-1526 & n.15 (10th Cir. 1988) ("[CLEET] is an arm of the state for purposes of Eleventh Amendment immunity."), *abrogated in part on other grounds by Iqbal*, 556 U.S. at 676. Moreover, the Oklahoma Legislature made clear that the OGTCA does not waive Eleventh Amendment immunity and that such immunity "shall remain in effect." 51 Okla. Stat. § 162. Accordingly, CLEET's Eleventh Amendment

immunity applies to both the state and federal claims brought in this case. *Harris v. Oklahoma Off. of Juv. Affs. ex rel. Cent. Oklahoma Juv. Ctr.*, 519 Fed. Appx. 978, 980 (10th Cir. 2013) ("The Eleventh Amendment applies even to state law claims sought to be brought in federal court under pendent jurisdiction.") (*citing Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 120-121 (1984) (pendent jurisdiction over state law claims does not override the Eleventh Amendment)). Plaintiff's claims as to CLEET (Counts I and II) should therefore be dismissed because CLEET is entitled to Eleventh Amendment sovereign immunity.

## II. Count II

City of Sallisaw. The City of Sallisaw contends that Plaintiff fails to state a claim for relief as to either of his causes of action. As to Count II, "Title VII prohibits employment discrimination based on 'race, color, religion, sex, or national origin.'" *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1213 (10th Cir. 2022) (*quoting Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)). To prove a case of either gender or race discrimination, "a plaintiff must provide either direct evidence of discrimination or prevail under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-803 (1973)." *Morman v. Campbell County Memorial Hospital*, 632 Fed. Appx. 927, 933 (10th Cir. 2015) (*citing Khalik*, 671 F.3d at 1192).

> Under the *McDonnell Douglas* framework, the plaintiff must carry the initial burden under the statute of establishing a prima facie case of [discrimination or retaliation]. Once the plaintiff has established a prima facie case, [t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for its employment action. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual.

*Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000) (internal quotation marks and citations omitted). "A prima facie case [of race discrimination] generally requires a plaintiff to show, by a preponderance of the evidence, [i] that []he is a member of a protected class, [ii] []he suffered an adverse employment action, and [iii] the challenged action occurred under circumstances giving rise to an inference of discrimination." *Bennett v. Windstream Communications, Inc.*, 792 F.3d 1261, 1266 & n.1 (10th Cir. 2015). *See also Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) (same). In the hostile work environment context, the elements are similar. The four prima facie elements are: "(1) []he is a member of a protected group; (2) []he was subject to unwelcome harassment; (3) the harassment was based on [a protected category]; and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015).[4] To survive a motion to dismiss, "[a] complaint raising a claim of discrimination does not need to conclusively establish the prima facie case of discrimination, but it must contain more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Bekkem v. Wilkie*, 915 F.3d 1258, 1274 (10th Cir. 2019) (quoting *Khalik*, 915 F.3d at 1274).

---

[4] The undersigned Magistrate Judge references both standards out of an abundance of caution as Plaintiff's First Amended Complaint does not clearly allege which standard (or which protected category) applies.

Here, Plaintiff does not allege that the City of Sallisaw (or any other Defendant) was his employer within the meaning of Title VII.  Moreover, while he alleges that he is a Native American and Member of the Cherokee Nation, and that he was terminated from his employment, Plaintiff does not allege any facts connecting his termination to his race or any other protected category, much less that he was subjected to harassment *based his race or any other protected category* that altered his working environment.  Indeed, Plaintiff alleges that his problems began when he and Franklin had a political dispute over the Chief of Police position.  *See* Docket No. 18, p. 4, ¶ 16.  As a result, Plaintiff does not allege facts sufficient to state a claim for relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678.  Accordingly, Plaintiff's Title VII claim (Count II) as to the City of Sallisaw should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Sequoyah County.  Sequoyah County contends it was improperly named and should be dismissed for lack of personal jurisdiction and insufficient service of process, and likewise alleges Plaintiff fails to state a claim for relief.  Under Fed. R. Civ. P. 17(b)(3), a party's capacity to sue or be sued is determined "by the law of the state where the court is located."  Oklahoma law thus determines the proper Defendant for Plaintiff's suit against Sequoyah County.  In Oklahoma, "[t]he right of a county to sue and be sued is purely statutory, and the mode prescribed by statute for prosecuting such action must be strictly followed."  *Muskogee Cnty. Okl. v. Lanning & McRoberts*, 1915 OK 648, ¶ 0, 151 P. 1054, 1054 (Syllabus by the Court).  Oklahoma Statutes specifically prescribe this method, stating, "[i]n all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, "Board of County Commissioners of the County of _____[.]"

19 Okla. Stat. § 4. Under 19 Okla. Stat. § 4, it is thus "mandatory" that "all suits prosecuted by or against a county be prosecuted in the name of the board of county commissioner of the county of interest." *Green Construction Company v. Oklahoma County*, 1935 OK 1011, ¶ 10, 50 P.2d 625, 627. If the Board of County Commissioners is not named in the suit, "no valid summons could be issued to or served on said Board in this cause." *Id.*, ¶ 11, 50 P.2d at 627. In this case, Plaintiff names "Sequoyah County" and the summons was issued to the "County of Sequoyah County" not the Board of County Commissioners of the County of Sequoyah. Thus, Plaintiff sued an improper Defendant. Because the summons as issued in this lawsuit did not name the Board of County Commissioners for the County of Sequoyah, this Court does not have jurisdiction over Sequoyah County.

Even if Plaintiff had named the appropriate party here, the undersigned Magistrate Judge further finds that, as with the City of Sallisaw, Plaintiff fails to state a claim for relief under Title VII as to Sequoyah County. First, Plaintiff does not allege that, as an SPD officer, Sequoyah County or the Board of County Commissioners of Sequoyah County was Plaintiff's employer sufficient to support a Title VII wrongful discharge claim. Second, as stated above, while he alleges that he is a Native American and Member of the Cherokee Nation, and that he was terminated from his employment, he alleges no facts connecting his termination to his race or any other protected category, much less that he was subjected to harassment *based his race or any other protected category* that altered his working environment. *See Bennett*, 792 F.3d at 1266 & n.1 (elements for Title VII race discrimination claim under); *Lounds*, 812 F.3d at 1222 (elements for Title VII hostile work environment claim); *see also Bekkem v. Wilkie*, 915 F.3d at 1274 ("[a] complaint . . . must

contain more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'") (quoting *Khalik*, 915 F.3d at 1274).

Futility of Amendment. Plaintiff acknowledges the error in naming the proper entity for Sequoyah County but characterizes it as "ministerial" and "easily remedied" through the filing of a Second Amended Complaint. Docket No. 54, p. 5, ¶ 19. However, Plaintiff has already amended his Complaint once, and "[t]he law is well settled as to the proper name to use when suing a county. Plaintiff failed to name the proper Defendant to properly sue the County[.]" *Quintana v. City of Muskogee*, 2015 WL 13203401, at *2 (E.D. Okla. June 19, 2015) (denying request to amend pleading to name proper Defendant).

Despite have already amended his Complaint once, Plaintiff requests leave to file a Second Amended Complaint to "expand with even more particularity" his claims as to the City of Sallisaw and to Sequoyah County. The undersigned Magistrate Judge finds, however, that any amendment would be futile. Although Plaintiff could perhaps establish that *one* of these Defendants was his employer, he clearly alleges that the basis for his harassment and termination was politically motivated. *See* Docket No. 18, p. 4, ¶¶ 16-18. This contravenes the requirements to establish a *prima facie* case under Title VII. Accordingly, Plaintiff repeatedly failed to state a claim for relief under Title VII and amendment to add specific facts would be futile. *See Jefferson County School Dist. No. R–1 v. Moody's Investor's Services, Inc.,* 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile[.] A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). The undersigned

Magistrate Judge thus recommends that Plaintiff be denied leave to amend his First Amended Complaint and that Count II be dismissed for lack of jurisdiction as to Sequoyah County (or, alternatively, for failure to state a claim for relief) and for failure to state a claim as to the City of Sallisaw.

### III.   Count I

The undersigned Magistrate Judge recommends that all claims over which this Court has original jurisdiction be dismissed, and only Plaintiff's OGTCA claim(s) under Oklahoma state law remains. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.") (citing 28 U.S.C. § 1367(c)). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (*citing United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966)).

This case is still in the early stages such that a scheduling order is not even in place. Accordingly, the undersigned Magistrate Judge finds the balance of factors, particularly judicial economy and comity, weighs toward declining jurisdiction over the remaining state law claim in this case. *See Smith v. City of Enid By and Through Enid City Commission*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Inasmuch as this case has not been removed from an Oklahoma State Court, however, this Court lacks the ability to remand it to a state court. As such, the undersigned Magistrate Judge recommends that the remaining state law claim pursuant to the OGTCA (Count I) be dismissed without prejudice.

Recommendations. In sum, the undersigned Magistrate Judge recommends: (i) that Plaintiff's Counts I and II as to CLEET be dismissed based on Eleventh Amendment sovereign immunity, (ii) that Plaintiff's Count II as to Sequoyah County be dismissed for lack of jurisdiction or alternatively for failure to state a claim, (iii) that Plaintiff's Count II as to the City of Sallisaw be dismissed for failure to state a claim, and (iv) that the Court decline supplemental jurisdiction as to Plaintiff's Count I and that claim be dismissed without prejudice as to all Defendants. Because Plaintiff's Count III is not a separate claim but related to Count I, the undersigned Magistrate Judge further recommends Count III be dismissed as well. The undersigned Magistrate Judge notes that, although pro se Defendant Nova Harp has not joined in these Motions to Dismiss, Count I is the sole claim against her, and therefore, she should be included in this Court's dismissal without prejudice should the Court decline supplemental jurisdiction.

## CONCLUSION

Based on the above findings, the undersigned Magistrate Judge hereby RECOMMENDS that Defendants Sequoyah County, Lane, House, Edwards, Smith, and Ridinger's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Docket No. 44], be GRANTED such that Sequoyah County is dismissed for lack of jurisdiction as to Counts I and II, and the Court declines supplemental jurisdiction over Counts I and III as to Lane, House, Edwards, Smith, and Ridinger such that Plaintiff's First Amended Complaint is dismissed without prejudice as to these named individuals. Second, the undersigned Magistrate Judge hereby RECOMMENDS the Motion of Defendants City of Sallisaw, Oklahoma, City Manager Keith Skelton, and Chief of Police Terry Franklin to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Docket No. 48] be GRANTED such that Count II is dismissed for failure to state a claim and the Court declines supplemental jurisdiction over Counts I and III such that Plaintiff's First Amended Complaint is dismissed without prejudice as to the named parties. Third, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant State of Oklahoma ex rel. Council on Law Enforcement Education and Training's Motion to Dismiss and Brief in Support [Docket No. 49] be GRANTED and Plaintiff's claims as to CLEET be DISMISSED in their entirety on the basis of Eleventh Amendment immunity. Finally, the undersigned Magistrate Judge RECOMMENDS the Court decline supplemental jurisdiction over Counts I and III as to pro se Defendant Nova Harp, and the claim against her likewise be dismissed without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

    **DATED** this 28th day of June, 2023.

                                            **GERALD L. JACKSON**
                                            **UNITED STATES MAGISTRATE JUDGE**