IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BILLY D. OLIVER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-337-RAW-GLJ |
| | ) |
| **CITY OF SALLISAW, et al.,** | ) |
| | ) |
| Defendants. | ) |

### **ORDER**

Before the court is the objection of the plaintiff to the Report and Recommendation of the United States Magistrate Judge. Plaintiff commenced this action on November 28, 2022 involving his loss of employment as an employee of the Sallisaw Police Department. He filed a first amended complaint (#18) on March 22, 2023. Motions to dismiss were subsequently filed. The undersigned referred the case to Magistrate Judge Jackson (#52). In due course, he issued a Report and Recommendation (#63). He recommended that the motions be granted.

Plaintiff having filed a timely objection, the court must conduct a de novo review of the issues specifically raised by the objection, and may accept, modify, or reject the

recommended disposition.  *See* 28 U.S.C. §636(b)(1); Rule 72(b)(3) F.R.Cv.P.  Defendants have also filed responses to the objection.

In his objection, plaintiff argues that the "lynchpin" of his case is the constitutional issue presented by *United States v. Rahimi,* 61 F.4th 443 (5th Cir.), *cert. granted,* 143 S.Ct. 2688 (2023).  That decision held 18 U.S.C. §922(g)(8) – which criminalizes the possession of a firearm while subject to a civil protective order – unconstitutional.  Defendants observe that this is the first time in this litigation plaintiff has raised this issue.  They also cite a Tenth Circuit holding that an issue raised for the first time in an objection to a Magistrate Judge's Report and Recommendation is deemed waived.  *See Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir.1996).  The undersigned also notes that the Fifth Circuit issued its decision on March 2, 2023, which was even before plaintiff filed the First Amended Complaint in the case at bar.  The undersigned finds waiver.

Even considering the issue on the merits, plaintiff does not survive a motion to dismiss.  Plaintiff's argument is that the *Rahimi* decision calls into question the constitutionality of 70 O.S. §3311(J)(1)(h), pursuant to which plaintiff lost his CLEET credentials and was discharged.  The undersigned disagrees, largely for the reasons articulated in City of Sallisaw's response (#67) to plaintiff's objection. Specifically, the Fifth Circuit – not controlling authority in Oklahoma in any event – was addressing a federal criminal statute, while the Oklahoma statute is civil and deals with peace officer credentials.  Allowing plaintiff to file a second amended complaint to raise this issue would be futile.

It is the order of the court that the objection of the plaintiff (#66) is hereby denied. The Report and Recommendation (#63) is affirmed and adopted as the order of the court. The motions of the defendants to dismiss (##44, 48 & 49) are granted. The plaintiff's claims as to the various defendants are dismissed (with or without prejudice) as described in the Report and Recommendation.

**IT IS SO ORDERED** this 6th day of SEPTEMBER, 2023.

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**